IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 14-20022-01-JAR |
| | ) | |
| JEMEL KNOX, | ) | |
| Defendant. | ) | |
| | ) | |

## MOTION TO DECLARE TIME EXCLUDABLE FROM SPEEDY TRIAL ACT

NOW COMES Defendant, Jemel Knox, by and through counsel, Chekasha Ramsey, and moves the Court to declare the requested time excludable from the Speedy Trial Act. In support of this motion, Defendant states and alleges to the Court as follows:

1. On July 29, 2014 defendant was arraigned on Count I of the Indictment, Felon in Possession of a Firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2), Count II Possessing a Firearm in violation of Title 26, United States Code, § 5845(a), and a Forfeiture Allegation.

2. The court issued Pretrial Order 1 and ordered that this Motion be filed by August 25, 2014.

3. On August 4, 2014 counsel received discovery consisting of approximately fifty recorded phone calls varying from 10 to over 20 minutes each.

4. The recordings allege discussions between the defendant and possible witnesses in this cause and may contain statements against interest or impeachment evidence.

5. Due to the volume of the recordings, time required to review, investigate and consult with Mr. Knox additional time is needed.

6. In order for counsel to effectively represent the defendant, defense counsel must be aware of the underlying facts that may support or oppose Pretrial Motions.

7. Failure to grant the continuance would violate defendant's right to effective assistance of counsel under the 6th Amendment to the United States Constitution.

8. Counsel request that new pretrial deadlines:

- Motions Due September 22, 2014
- Government's Responses Due October 6, 20143
- Motions Hearing October 27, 2014
- Jury Trial November 3, 2014

9. The need for the additional time requested outweighs the best interest of the public and the defendant in a speedy trial, as set out in 18 U.S.C. 3161(h)(7). Although delay resulting from a continuance granted by the district court is not automatically excluded from the Speedy Trial Act's 70-day time limit under 18 U.S.C. § 3161(h)(1), subsection (h)(7) provides "[m]uch of the Act's flexibility," *Zedner v. United States*, 547 U. S. 489, 498 (2009), and gives district courts "discretion . . . to accommodate limited delays for case-specific needs," *id.*, at 499. Delay granted under the ends-of-justice exception may be excluded if the district court makes the findings required by 18 U.S.C. 3161(h)(7). *Bloate v. United States*, 130 S. Ct. 1345, 1357-58 (2010).

10. Defense counsel consulted with Mr. Knox, who understands his statutory right to a speedy trial, and he does not object to the tolling of the Speedy Trial Act time during the requested extension.

11.	Attorney for the Government, Terra Morehead takes no position on the proposed request. The Government is prepared for trial and if the Court grants the motion the Government does not object to the proposed new deadlines.

WHEREFORE, defense requests that this court exclude the period from the filing of this motion to the Jury trial setting for the purposes of calculating deadlines under the Speedy Trial Act.

>	Respectfully submitted,
>
>	s/ Chekasha Ramsey          #78476
>	Chekasha Ramsey
>	Assistant Federal Public Defender
>	For the District of Kansas
>	500 State Avenue, Suite 201
>	Kansas City, Kansas 66101
>	Telephone (913) 551-6911
>	Fax: (913) 551-6562
>	E-mail: Che_Ramsey@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2014, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

Terra Morehead
Terra.Morehead@usdoj.gov

>	s/ Chekasha Ramsey
>	CHEKASHA RAMSEY