**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(KANSAS CITY DOCKET)**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   No.   14-20022-01-JAR |
| | ) |
| | ) |
| **JEMEL KNOX,** | ) |
| | ) |
| **Defendant.** | ) |

## MOTION TO SUPPRESS EVIDENCE

NOW COMES Defendant, Jemel Knox (Mr. Knox"), by and through counsel, Chekasha Ramsey, in accordance with Rules 12, 41 and 47 of the Federal Rules of Criminal Procedure, and moves the Court to suppress all evidence obtained during the search and seizure of the residence 431 Freeman Avenue Kansas City, Kansas ("431 Freeman"). Mr. Knox submits that such evidence was obtained in violation of his rights guaranteed by the Fourth Amendment to the United States Constitution. In support of this motion Defendant states and alleges to the Court as follows:

## ISSUE JUSTIFYING SUPPRESSION OF EVIDENCE

Detective Kevin Finley, a police detective with the Johnson County Sheriff's Office submitted a sworn affidavit for a search warrant. The affidavit requested the issuance of a search warrant authorizing the search of a single family apartment, located at 431 Freeman, Kansas City, Kansas, for the body of Mr. Knox and firearms. *See* Exhibit 1. The affidavit was submitted on February 6, 2014, and witnessed by Judge Thomas Kelly Ryan of the District Court Tenth Judicial District. On the afternoon of February 6, 2014, Judge Ryan issued the requested search warrant,

1

attached hereto as Exhibit 2.   Subsequent to the issuance of the insufficient search warrant, VTCF officers executed an illegal search warrant at 431 Freeman, Kansas City, Kansas. While conducting the illegal search, agents searched a suitcase. At that time, a firearm was reported to have been seized.

Detective Finley's affidavit failed to establish the probability that evidence of a firearm would be located in the desired search area and, therefore, lacked the necessary probable cause to issue such a warrant. The affidavit lacked probable cause in that it contained unsubstantiated allegation from a third-party, unrelated to the alleged crime(s) at issue here, thereby, lacking a nexus. These allegations were, at best, stale information that lacked the adequate nexus between the residency, the body of Mr. Knox and firearms. The affidavit, on its face, lacks any indicia of probable cause and, therefore, the good faith exception of the exclusionary rule does not apply. Therefore, all evidence seized as a result of the unlawful search of the apartment, suitcase, and arrest of Mr. Knox must be suppressed.

## STATEMENT OF FACTS

On January 16, 2014 Jemel Knox failed to appear for a charge pending in the District Court of Johnson County, Kansas, before Judge Ryan for Fleeing and Eluding. On January 17, 2014, Mr. Knox was charged in the District Court of Johnson County, Kansas with Escape from custody and an initial appearance warrant was issued. As a result law enforcement officers were investigating his whereabouts.   On January 29, 2014, John C Hauger Jr., a Special Agent with the FBI, applied for a search warrant for location data for a cellular telephone used in connection with alleged offenses committed in Kansas and service provided by T-Mobile from the United States District Court for the District of Kansas. The affidavit sought cellular information from a telephone

2

that was linked to Mr. Knox. The alleged underlying criminal activity that formed the basis for the affidavit was unlawful flight to avoid prosecution pursuant to Title 18 United States Code § 1073. The affidavit and search warrant were signed and issued by the Honorable James P. O'Hara on January 29, 2014. On February 6, 2014 the FBI received information that the phone was pinged to the nearest location of 431 Freeman, Kansas City, Kansas. Notwithstanding the fact that there were two outstanding warrants for Mr. Knox's arrest, Detective Finley petitioned Judge Ryan, instead of Judge O'hara, to issue a search warrant for the residence located at 431 Freeman – for Mr. Knox and firearms. In order to secure the search warrant, Detective Finley submitted an affidavit under oath with the following information:

> 4. On 1/22/2014 affiant contacted a previous girlfriend of Knox's Cynthia McBee. She advised that they broke up and no longer lived together. She advised that Knox had become violent with her lately and she had a Protection Order issued against him. She did advise that he always carried a gun and had threatened her and her neighbor in December. He had also gone to her father's job in Kansas City Missouri and had threatened him and his employees with a gun.  She said he always carried a pistol in his pants and has numerous weapons to include an AR assault type rifle and a Desert Eagle pistol.

*See* Exhibit 1.

Paragraph 11, the portion of the affidavit that specifically asks for items to be seized, states "[o]fficers are seeking a search warrant to enter 431 Freeman, Kansas City, Wyandotte County, Kansas for ***the arrest of Jemel Knox***" (emphasis added).   The affidavit makes no suggestion that Mr. Knox is suspected by law enforcement to be in possession of a firearm.  The underlying alleged criminal acts (Escape from Custody and Fleeing and Eluding) for which the known existing warrants were issued, do not involve a firearm and Detective Finley's affidavit is silent as to any evidence of the contrary.  In other words, the only basis, albeit a stretch, for which Detective Finley had to request a search for firearms was based upon the alleged statements of Cynthia

McBee, as noted in Paragraph 4 of Exhibit 1.

No other averment contained in Detective Finley's affidavit requesting the warrant suggests that it is a request to search for firearms. In fact, the only place any such indication that the warrant at all pertains to a firearm is on Page 1, which states **"[t]he body of Jemel Knox B/M 07/03/1983; Firearms"** (emphasis added).

On February 6, 2014 Officers executed the search warrant, seized Mr. Knox, and searched a suitcase. The suitcase contained a Century Arms rifle that is the subject matter of the underlying Indictment.

The warrant authorized a "general exploratory rummaging" of the residence, 431 Freeman Kansas City, Kansas. The search warrant failed to describe with particularity the item to be seized. The search warrant was overbroad simply designating "Firearms" as the item to be seized.

## SUGGESTIONS OF LAW AND ARGUMENT IN SUPPORT OF SUPPRESSION

The Fourth Amendment protects the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures. *U.S. Const. Amend. IV*. The Warrant Clause of the Fourth Amendment provides that "no warrants shall issue but upon probable cause, supported by Oath or affirmation." *Franks v. Delaware,* 438 U.S. 154, 164 (1978) An overnight guest has a reasonable expectation of privacy in the premises, which is protected by the Fourth Amendment, and has standing. *Minnesota v. Olson*, 110 S.Ct. 1684 (1990) An individual does not have to be "settled" at a location to have a reasonable expectation of privacy; a simple overnight guest has Fourth Amendment standing. *United States. v. Poe*, 566 F.3d 1113 (C.App.2009). Mr. Knox was an overnight guest at 431 Freeman and, therefore, has standing to challenge this Fourth Amendment violation.

The Court's duty is to ensure that the issuing judge had a "substantial basis" for concluding that the affidavit in support of the search warrant established probable cause. *United States v. Deppish*, 994 F. Supp.2d (D. Kan. 2004), (quoting, *United States v. Nolan,* 199 F.3d 1180, 1182 (10th Cir.1999)) (citing *Illinois v. Gates,* 462 U.S. 213, 236, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)).

"If the judge only considered a supporting affidavit in issuing the warrant, the reviewing court likewise determines the existence of probable cause for the warrant exclusively from the supporting affidavit's **four corners**." *United States v. Harvey,* 514 F.Supp.2d 1257, 1259 (D.Kan.2007).

A warrant affidavit must set forth particular facts and circumstances underlying the existence of probable cause so that it allows the magistrate judge to make an independent evaluation. Although a judge's decision to issue a search warrant is entitled to great deference, the deference given to such warrants is not boundless. *United States v. Leon*, 468 U.S.897,914 (1984)The Court must consider the totality of the circumstances to determine whether or not the affidavit establishes the probability that evidence of criminal activity would be located in the desired search area. *United States v. Wittgensteain*, 163 F.3d 1164, 1171 (10th Cir.1998), *Illinois v. Gates,* 462 U.S. 213, 238–39, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983).

"Probable cause to search cannot be based on stale information that no longer suggests that the items sought will be found in the place to be searched." *United States v. Giesy,* 2014 U.S. Dist. LEXIS 36481, at *6 (D.Kan. Mar. 7, 2014) (quoting *United States v. Snow,* 919 F.2d 1458, 1459 (10th Cir.1990)). "Where the affidavit recites a mere isolated violation it would not be unreasonable to imply that probable cause dwindles rather quickly with the passage of time." *Id.*

Detective Finley's affidavit recites statements from an unrelated third party, alleging Mr. Knox "carried a gun in his pants and has numerous weapons." Detective Finley's affidavit lacks any information regarding his personal knowledge, the knowledge of any other law enforcement officer, or of crimes recently committed by Mr. Knox, to persuade Judge Ryan to issue a warrant to search the residence and seize firearms. Detective Finley's averments regarding statements made by Cynthia McBee are merely hearsay and do not form the adequate foundation to give rise to probable cause. Moreover, the hearsay statements by Cynthia McBee provide no information that connects a firearm in conjunction with the 431 Freeman address. Additionally, *arguendo,* if Ms. McBee's statements are to be taken as true, the information is, at best, stale with respect to connecting Mr. Knox with a firearm. While it is clear that the affidavit links Mr. Knox to the residence, it provides no information connecting the firearm or any other illegal activity to the residence. In fact, the only connection between a firearm and Mr. Knox is information obtained sometime in the past, prior to the alleged criminal activity at issue before this Court. *See United States v. Bautista-Meza*, No. 14-10016-011-EFM 2014 U.S. Dist. WESTLAW 2158408, at *5 (D. Kan. May 23,2014) (Judge Melgren finding no nexus between the criminal activity and the place to be searched where the criminal activity occurred prior to any alleged criminal activity for which defendant was being sought)

Detective Finley used a form of bootstrapping to connect the firearm to the residence, where the firearm has no connection with any ongoing criminal activity. The information regarding the possession of a firearm lacks any specific time frame, simply alleging that, at some point in time in the past, Mr. Knox carried a gun. The only statement that could be construed to denote a time period is that Detective Finley alleged that Ms. McBee stated that Mr. Knox threatened her

and her neighbor in December, more than two months prior to the issuance of the search warrant. Nothing in those allegations suggests that Mr. Knox used a firearm to perform the threat. One is left only to deduce that the information connecting Mr. Knox to a firearm is *so* stale, a time period cannot even be placed on any such connection. To agree that this meets the threshold of probable cause would mean that at all times a search of any place Mr. Knox is present, there is probable cause to search for a firearm. That conclusion does not meet the requisite standard of the Fourth Amendment.

    Hearsay statements that, at some point in the past, Mr. Knox carried guns and has a felon in possession of a firearm conviction from eight years prior, does not give rise to probable cause for the search warrant. Counsel is aware the determination of timeliness, however, does not solely depend on the number of days that have elapsed between the facts relied on and the issuance of the warrant. Instead, whether the information is too stale to establish probable cause depends on "the nature of the criminal activity, the length of the activity, and the nature of the property to be seized." *United States v. Snow,* 919 F.2d at 1460 (quoting *United States v. Shomo,* 786 F.2d 981, 983 (10th Cir.1986).

    The nature of the criminal activity, for which Mr. Knox was being sought, was for a failure to appear on a fleeing and eluding case and a separate escape from custody charge. Although those two activities are ongoing there is no connection to the property to be seized, a firearm. Mr. Knox was not being sought, nor was law enforcement investigating the crime, for being a felon in possession of a firearm.

    The affidavit contained no other corroborating information that Mr. Knox had a firearm at or near the time the search warrant was issued. Hearsay information can be included as a part of

the basis for probable cause of a search warrant, but there must be a substantial basis for crediting the hearsay that is presented. *Jones v. United States,* 362 U.S. 257, 269, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960).   The hearsay provided by Ms. McBee, an ex-girlfriend, is not credible information. Most cases challenging the probable cause of an affidavit based on hearsay statements involve information gained from confidential informants (CI). It is unclear the level of scrutiny that a court should subject the statements of a witness or victim to vis-a-vis the statements of a traditional police informant, but the courts that have found sufficient probable cause based on hearsay from an ex-girlfriend, have had much more than conclusory statements. *United States v. McDaniel*, 293 Fed.Appx. 265 (E.D. TX 2008) (finding independent probable cause where defendant admitted to possessing the gun and underlying offense of investigation and warrant was felon in possession), *United States v. Fife*, No. 08-CR-242 U.S. Dist. 2008 WESTLAW 4693537 (E.D. Wis. 2008) (personal observation of gun in the home near in time, multiple statements by more than one girlfriend, underlying warrant for felon in possession).

   The court is not in a position to make an analysis of the credibility of the information provided by Ms. McBee. Her credibility was not tested. That is a result of the absence of any independent corroboration on the part of law enforcement. The affidavit contains no other information allowing the Court to assess the validity and veracity of the information. Statements regarding an informant's veracity and basis of knowledge are an important part of the totality of circumstances that a judicial officer must consider in determining whether there is probable cause, *i.e.,* "a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Sells,* 463 F.3d 1148, 1154 (10th Cir.2006). When an affidavit "leaves the nature of [the informant's past] performance undisclosed ... the judicial officer making the probable cause

determination has no basis for judging whether the [affiant's] characterization of [the informant's past] performance is justified." *United States v. Foree,* 43 F.3d 1572, 1576 (11th Cir.1995). The information provided by Ms. McBee are merely conclusory statements. Those statements gave the judge no basis to make a determination regarding probable cause to believe there was a firearm at the place to be searched. Further, Detective Finley's affidavit is silent as to any other information connecting Mr. Knox to a firearm. Sufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others." *Gates,* 462 U.S. at 239. When the Court reviews the affidavit under the totality of the circumstances test, there is no other totality to review but Ms. McBee's statements, and her statements alone fail to meet probable cause. "An affidavit replete with repetitive and tenuous facts does not provide a magistrate with a sufficient basis for drawing a reasonable inference that a search would uncover evidence of criminal activity." *United States v. Danhauer*, 229 F.3d 1002, 1006 (10th Cir. 2000) There is no nexus between 431 Freeman, the past possession of a firearm, and the warrants for which he was being sought. The search warrant is constitutionally deficient by failing to make an adequate showing of probable cause. *Bautista-Meza*, 2014 WL 2158408 at *6   Taken together, the totality of the circumstances do not lead a neutral and detached magistrate to the finding of probable cause. "A Court may not arrive at probable cause simply by piling hunch upon hunch." *Unite States v. Roach*, 582 F.3d 1192(10th Cir. 2009), (quoting *United States v. Valenzuela*, 365 F.3d 892,897 (10th Cir. 2004)

In exercising the exclusionary rule, the Court's "good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well-trained officer would have known that the search was illegal despite the magistrate's authorization." *United States v. Leon,* 468 U.S.

at 923 n. 23, 104 S.Ct. 3405. "In answering this question, the Court should consider all of the circumstances and assume that the executing officers have a 'reasonable knowledge of what the law prohibits'." *United States v. Riccardi,* 405 F.3d 852, 863 (10th Cir.) (quoting *Leon,* 468 U.S. at 919 n. 20, 104 S.Ct. 3405), *cert. denied,* 546 U.S. 1083, 126 S.Ct. 825, 163 L.Ed.2d 719 (2005). The Supreme Court in *Leon* identified four situations in which officers relying on an invalid warrant could not benefit from the good faith exception to the exclusionary rule *Leon*, 468 U.S. at 922–23, 104 S.Ct. 3405.:

> (1) Where the judge issued the warrant on a deliberately or recklessly false affidavit;
>
> (2) Where the Judge abandoned his neutral and detached judicial role;
>
> (3) Where the affidavit is so lacking in indicia of probable cause that it would be unreasonable for the officer to rely on it; and
>
> (4) Where the warrant is so facially deficient and fails to particularize that an officer cannot reasonably believe it to be valid.

*United States v. Kulatunga*, 2010 U.S. Dist. LEXIS 103383, at * 5, 2010 WL 3892237 (D.Kan Sept. 29, 2010) *citing Leon*, 468 U.S. at 293.

One applies here: 1) the affidavit in support of the warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable" Detective Finley both wrote the affidavit, obtained and executed the search warrant. Despite the magistrate's issuance of the search warrant, he was clear of what minimal information was contained in the affidavit.  He was also clear that any criminal activity involving a firearm had no connection to the residence, 431 Freeman. He is required to exercise professional judgment. Detective Finley is an experienced, well-trained law enforcement officer who not only is a police detective with the

Johnson County Police Department, but is appointed as a Task Force Officer with the FBI's Violent Crime Task Force. The Court must consider whether a reasonable trained officer would have known that the search was illegal despite the magistrate's authorization. Where the underlying affidavit is void of factual support, it cannot be said that he relied on them in good faith. Here, the affidavit was completely void of factual support. Although the affidavit lists the address and the items to be seized, it contains no explanation of how the residence was linked to a firearm. In addition, months had passed between the alleged threat to Ms. McBee, the receipt of the information from Ms. McBee, and the issuance of the search warrant. Detective Finley, experienced well beyond what would be considered a reasonably well-trained officer, would, or should, have known the search was illegal despite the magistrate's authorization. Detective Finley wrote the search warrant affidavit and swore upon oath, and it was his only request that asks for the warrant for the "arrest of Jemel Knox." The affidavit for the search warrant requests only: "[o]fficers are seeking a search warrant to enter 431 Freeman, Kansas City, Wyandotte County to arrest Jemel Knox." The affidavit that Detective Finley swore under oath only requested the arrest of Mr. Knox, not firearms. This is not a situation where another Officer who did not procure the search warrant executes the search warrant. Detective Finley cannot, reasonably and in good faith, represent that he innocently relied on the judge's probable cause determination to believe that the firearm would be found in Ms. Young's residence. He knew only that Mr. Knox had, at one time in the past, carried a gun. He had no information that a firearm would be located at 431 Freeman. Any argument that he proceeded in good faith is absurd and incredible.   Moreover, he cannot act innocently when, in his own words, the only thing he requests a warrant for is to enter 431 Freeman, Kansas City, Wyandotte County, Kansas to arrest Jemel Knox. See Exhibit 1 p.3 #11.

Here the warrant authorizes a search for firearms that was not directly requested by Detective Finley, and he should have known that since it was not his request, that probable cause did not exists to search for firearms. "[i]f the purpose of the exclusionary rule is to deter unlawful police conduct, then evidence obtained from a search should be suppressed only if it can be said that the law enforcement officer had knowledge, or may properly be charged with knowledge, that the search was unconstitutional under the Fourth Amendment." *Leon*, 468 U.S. at 919, 104 S.Ct. 3405 For good faith to exist, there must be *some* factual basis connecting the place to be searched to the defendant or suspected criminal activity. When this connection is wholly absent, the affidavit and resulting warrant are "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Id*. at 923, 3405. Exclusion is appropriate in such circumstances because "reasonably well-trained" officers, exercising their own professional judgment, will be able to recognize the deficiency. Here, the warrant was "so lacking," and the officer's reliance upon it was not objectively reasonable. *United States v. Gonzales,* 399 F3d. 1225 Crt. App (10th Cir. 2005). Detective Finley's affidavit listed the address of the place to be searched and described the residence, person, and items to be seized. However, it is silent as to an explanation of how the firearm is linked to the criminal activity or why the firearm would be found in the residence. Aside from Ms. McBee's stale information that Mr. Knox had guns in the past, the only other facts before Judge Ryan was that Mr. Knox was a convicted felon. Detective Finley knew, or should have known, that the search was illegal despite the magistrate judge's authorization.

Exclusionary rule and exclusion of the evidence is appropriate because the affidavit was so lacking that a reasonably objective officer would not rely upon it.

Under the Fourth Amendment, a search warrant must describe the items to be seized with

sufficient particularity to prevent a "general, exploratory rummaging in a person's belongings." *Coolidge v. New Hampshire,* 403 U.S. 443, 467, 91 S.Ct. 2022, 2038, 29 L.Ed.2d 564 (1971). "The particularity requirement ensures that a search is confined in scope to particularly described evidence relating to a specific crime for which there is demonstrated probable cause." *Voss v. Bergsgaard,* 774 F.2d 402, 404 (10th Cir.1985). There has been no demonstrated probable cause to search for particularly described evidence relating to a specific crime. There was no probable cause to support that any crime or criminal activity regarding a firearm was ongoing at 431 Freeman Kansas City, Kansas. It is hard to muster a more generalized exploratory theory for probable cause than the one contained in the affidavit. It is this theory; Mr. Knox is known to carry guns at some time in the past and, therefore, there is probable cause to believe that there is a gun at 431 Freeman, because Mr. Knox may be at 431 Freeman. This theory lacked probable cause and allows unconfined general rummaging in a person's home, things, and belongings. The general search of the full residence for firearms in a home that has no connection to the underlying criminal activity is overbroad. The search warrant is overbroad and all evidence seized as a result should be suppressed

WHEREFORE, for the foregoing reasons, Mr. Knox requests an evidentiary hearing and suppression of all evidence recovered as a result of the February 6, 2014, search of the residence (431 Freeman).

Respectfully submitted,

s/ Chekasha Ramsey
CHEKASHA RAMSEY           #78476
Assistant Federal Public Defender
500 State Avenue, Suite 201
Kansas City, Kansas   66101
Telephone: (913) 551-6712
Fax: (913) 551-6562
E-mail: Che_Ramsey@fd.org

### CERTIFICATE OF SERVICE

I certify that on October 14, 2014, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

Terra Morehead
Terra.Morehead@usdoj.gov

s/ Chekasha Ramsey
CHEKASHA RAMSEY           #78476
Assistant Federal Public Defender
500 State Avenue, Suite 201
Kansas City, Kansas   66101
Telephone: (913) 551-6712
Fax: (913) 551-6562
E-mail: Che_Ramsey@fd.org