**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(KANSAS CITY DOCKET)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.    14-20022-01-JAR |
| | ) | |
| | ) | |
| JEMEL KNOX, | ) | |
| | ) | |
| Defendant. | ) | |

<u>**REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO**</u>

<u>**SUPPRESS EVIDENCE**</u>

NOW COMES Defendant, Jemel Knox ("Mr. Knox"), by and through counsel, Chekasha Ramsey, in response to the Government's reply and in support of Defendant's Motion to Suppress Evidence, states to the Court as follows:

The affidavit was not supported by probable cause.  The Government suggests that the Court review alleged facts beyond those within the four corners of the affidavit to find sufficient probable cause.  "If the judge only considered a supporting affidavit in issuing the warrant, the reviewing court likewise determines the existence of probable cause for the warrant exclusively from the supporting affidavit's four corners."[1]

The Government attempts to cure the staleness of the information provided by Cynthia Mcbee by providing the Court with additional information Detective Finley possessed that was not included in the affidavit.   Additional knowledge possibly possessed by Detective Finley is

---

[1] United States v. Deppish 994 F.Supp.2d 1211, (Dist.KS 2014) quoting, *United States v. Harvey,* 514 F.Supp.2d 1257, 1259 (D.Kan.2007)

irrelevant to the Court's inquiry here.   The Government, despite admitting that the information in the affidavit was incorrect, still attempts to explain why the information was not stale.   The fact is, when reviewing the four corners of the affidavit, there is no mention of a specific time frame that Mr. Knox was in possession of a firearm.   The only indication was that a threat was made against her and her neighbor in December.   That information fails to state that the threat was made through the use of a firearm.

The Government also asserts that the information regarding Mr. Knox's possession of a firearm was not stale because it is an ongoing and continuous activity. However, the courts make clear that the passage of time does not become irrelevant when analyzing ongoing and continuous activity, but that it is to be considered in the overall balance of the Court's determination.   The passage of time is still critical.

The Government attempts a second time in its response to provide the Court with additional information not within the four corners of the affidavit to bolster the hearsay statements of Ms. McBee.   "Statements regarding an informant's veracity and basis of knowledge are an important part of the totality of circumstances that a judicial officer must consider in determining whether there is probable cause," i.e., "a fair probability that contraband or evidence of a crime will be found at a particular place."[2] When an affidavit leaves the nature of [the informant's past] performance undisclosed…the judicial officer making the determination has no basis for judging whether the {affiant's} characterization is justified.[3]

The additional information provided in the Government's response is irrelevant.   The affidavit is silent regarding any information or actions by Detective Finley that corroborates or

---

2  *United States v. Sells*, 463 F.3d 1148, 1154 (10th Cir. 2006)
3  *United States v. Foree*, 43 3d 1572,1576 (11th Cir. 1995)

tests the credibility of Ms. McBees's statements.   When reviewing the totality of the circumstances in this case the only information regarding possible support for probable cause to search for a firearm were Ms. Mcbee's conclusory uncorroborated statements.   The Court should ignore any additional information offered in the Government's response that is not contained within the four corners of the affidavit when making its determination.   The informant's veracity and reliability should be understood simply as a closely intertwined issues that may usefully illuminate the common-sense, practical question whether there is "probable cause to believe that contraband or evidence is located in a particular place."[4]  When taken into account that the only circumstance within the totality are Ms. McBee's statements, the affidavit and warrant lack probable cause.

The cases cited by the Government involve specific investigation for the crime of being a felon in possession of a firearm with facts supporting the firearm would be found at the place to be searched.[5]   A nexus is required between the criminal activity and the place to be searched. The Government's argument purports to use Mr. Knox's body to create a nexus of the firearm to the place to be searched. Although this can be part of the Court's analysis, Mr. Knox's presence alone at any place does not create an adequate nexus with the criminal activity of being a felon in possession of a firearm to the residence (431 Freeman).   There is no reliable information in support of the affidavit that suggests a firearm would be found at 431 Freeman.   Although,

<hr/>

4 *Illinois v. Gates*, 462 U.S. 213, 214 (1983)

5 *United States v. Lester*, 285 Fed. Appx. 542 Crt. App. 10th Cir. 2008), (defendant sent emails from home computer requesting sale of firearm silencer and defendant bought firearm listing his address to be searched on pawn shop form,), *See also, United States v. Batchelder*, 824 F.2d 563 (Crt. App. 7th Cir. 1987), (defendant bought and shipped to his home firearms and accessories that was the residence to be searched in the affidavit,), *United States v. Rahn*, 511 F2d. 290 (10th Cir. 1975),( this is not a felon in possession case, the defendant was a ATF agent investigated for misuse of seized property by an ATF agent, the court relied on multiple statements and incidents of prior weapons criminal activity.)

Detective Finley knew the possible whereabouts of Mr. Knox, and he took no other independent investigative actions to corroborate Ms. McBee's claims of Mr. Knox's possession of a firearm at the 431 Freeman address.   It is an unreasonable to infer based on the information contained in the affidavit that a firearm would be found.

In the Government's response it is argued, "The firearm only had to have a connection to Knox." (Doc.26 P. 9)   The finding of probable cause is not that flimsy.   To follow the Government's logic, at all times and at any place where Mr. Knox is located, there is probable cause to search that place for a firearm.

Although, it is not necessary that the affidavit indicate that the evidence sought will undoubtedly be found in the place to be searched, it is still necessary that the facts and circumstances described in the affidavit warrant a man to believe that such evidence is located at the premises or location to be searched.[6]

*United States v. Leon* states that ... a finding of objective good faith is inappropriate when an officer's affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable."[7] The affidavit did not contain a minimally sufficient nexus between the illegal activity and the place to be searched to support Detective Finley's good-faith belief in the warrant's validity, even if the information provided did not establish probable cause. Detective Finley did not have anything more than a guess that a firearm may be found at 431 Freeman.

---

6 *United States v. Johnson*, 645 F.2d 865, 867-868 (10th Cir. 1981)
7 *United States v. Leon*, 468 U.S. 897, 909 (1984)

4

Detective Finley's reliance on the validity of the search warrant was not objectively reasonable.   Detective Finley has worked for the Johnson County Sheriff's Department for more than 26 years and has been assigned to the F.B.I. Violent Crimes Task Force for the past 5 years. When reviewed, he had no prior knowledge of any unlawful suspected activity of firearms at the residence, he possessed no ***present*** personal knowledge of any connection between Mr. Knox and possession of a firearm.   He had not personally seen any firearms at the residence or in the possession of Mr. Knox, nor conducted any visual reconnaissance of the property to determine whether a firearm was likely to be present on the property; and he possessed only third-party hearsay information about a possible firearm possessed by Mr. Knox in the past. Detective Finley should have realized that he needed to do more independent investigative work to show a fair probability that Mr. Knox was possessing a firearm.   As proof and indication of the lack of probable cause, the warrant itself gives only boilerplate statement of a "Firearm" failing to particularize type, model, or any specific information as to the firearms to be seized.

A reasonably well-trained officer would have known that the search was illegal despite the Magistrate's authorization, and the good faith exception should not apply.[8] "Because the 'good faith' inquiry is confined to the objectively ascertainable question whether a reasonably well-trained officer would have known that the search was illegal despite the magistrate's authorization," *Cook*, 854 F.2d at 372 (*quoting Leon*, 468 U.S. at 922 n.23, 104 S. Ct. at 3420 n. 23), the reviewing Court must examine "the text of the warrant and the affidavit to ascertain whether the agents might have 'reasonably presume[d] it to be valid." *Corral-Corral*, 899 F.2d at

---

8 *United States v. Weaver*, 99 F3d. 1372, 1381 (6th Cir. 1996), "a reasonably prudent officer would have sought greater corroboration to show probable cause and therefore do not apply the *Leon* good faith exception on the facts of this case."

932 (*quoting Leon*, 468 U.S. at 923, 104 S.Ct. at 3421).[9]  Any additional information that Detective

Finley possessed, as well as information provided by the Government, is irrelevant to this Court's

determination.

WHEREFORE, in support of Defendant's Motion to suppress and for the foregoing

reasons, Mr. Knox requests an evidentiary hearing and suppression of all evidence recovered as a

result of the February 6, 2014, search of the residence (431 Freeman).

Respectfully submitted,

s/ Chekasha Ramsey
CHEKASHA RAMSEY, #78476
Assistant Federal Public Defender
500 State Avenue, Suite 201
Kansas City, Kansas   66101
Telephone: (913) 551-6712
Fax: (913) 551-6562
E-mail: Che_Ramsey@fd.org

---

9  *United States v. Corral-Corral*, 899 F.2d 927, 932, *quoting United States v. Leon*, 468 U.S. 897 (1984)

**CERTIFICATE OF SERVICE**

I certify that on November 6, 2014, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

Ms. Terra Morehead
Assistant United States Attorney
Terra.Morehead@usdoj.gov

s/ Chekasha Ramsey
CHEKASHA RAMSEY, #78476
Assistant Federal Public Defender
500 State Avenue, Suite 201
Kansas City, Kansas   66101
Telephone: (913) 551-6712
Fax: (913) 551-6562
E-mail: Che_Ramsey@fd.org