IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|       Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-20022-01-JAR |
| ) | |
| JEMEL KNOX, ) | |
|       Defendant. ) | |

## MOTION IN LIMINE

NOW COMES Defendant, Jemel Knox, by and through counsel, Chekasha Ramsey, and seeks to exclude the following:

**Item Number 1: Hearsay information provided by the Cynthia McBee**

The government seeks to admit testimony information obtained by Cynthia McBee that Mr. Knox:

- Threatened to kill her with a gun
- Displayed a handgun to her father and threatened him
- That she has a protection order against Mr. Knox and was afraid to return to her apartment

The government has not endorsed Ms. McBee as a witness to be used in their case in chief. Mr. Knox moves the court to rule inadmissible any reference by officers regarding the alleged information received from Cynthia McBee. Unless she testifies, testimony about information she allegedly provided to the officers is inadmissible hearsay under Federal Rules of Evidence 801 (c) and Rule 802. More importantly, this testimony would deprive Mr. Knox of his Sixth Amendment right to confront witnesses.

Allowing an officer to testify to out-of-court statements made by a Ms. McBee also violates Mr. Knox Sixth Amendment rights and are barred under the Confrontation Clause pursuant to *Crawford v. Washington*, 124 S. Ct. 1354 (2004). If an out-of-court statement is testimonial, it may not be introduced against the accused at trial unless the witness who made the statement is unavailable and the accused has had a prior opportunity to confront that witness. *Bullcoming v. New Mexico*, 131 S.Ct. 2705, 2708, (2011) A confidential informant's statements to a law enforcement officer are clearly testimonial. *Melendez–Diaz v. Massachusetts,* 557 U.S. 305, 310–11 (2009). An out-of-court statement by Ms. McBee is admissible, and not hearsay, when offered for the limited purpose of explaining why a government investigation was undertaken. However, this does not defeat Mr. Knox Sixth Amendment right to confront witnesses against him. The government does not intend to use nor are the statements needed to explain the underlying investigation. The Government is seeking to admit them to assert as truth that Mr. Knox was engaged in the illegal activity alleged by Ms. McBee, namely possessing a firearm. "Even if the Government is introducing out-of-court statements by the confidential source offered to explain the background of an investigation, like all evidence, must be evaluated under the criteria in Fed.R.Evid. Rules 401 and 403 for relevance and to prevent confusion or prejudice on the part of the jury." *United States v. Freeman***,** 816 F.2d 558, 563

Additionally this information is irrelevant under Fed.R.Evid. 401(b). The only fact this information has a tendency to make more or less probable is a propensity to possess a firearm. This information provided by Ms. McBee was that the events occurred on or about January 11, 2014. The alleged information is not proximate or close in time to the charged date in this case. This is a prior bad act specifically prohibited by Fed.R.Evid. 404(A)(1). The forbidden inference is that Mr. Knox possessed a firearm in the past, therefore he has the propensity to possess a firearm in this case. In this case there is a high danger of prejudicial effect which outweighs any probative value. The

information from the confidential source mirrors that of the charges in this case. It acts to bolster the Government's case. "Courts and commentators have recognized that out-of-court statements should not be admitted to explain why a law enforcement agency began an investigation if the statements present too great a danger of prejudice." *United States v. Cass*, 127 F.3d. 1218, 1222 (10th Cir.1997), citing, *Garrett v. United States,* 78 F.3d 1296, 1302-03 (8th Cir.), *cert. denied,* 519 U.S. 956, 117 S.Ct. 374, 136 L.Ed.2d 264 (1996). The statements given by Ms. McBee directly go to guilt and, therefore, there is no limiting instruction that could be given to the jury in this case.[1] Ultimately, despite any rule of evidence to the contrary, Mr. Knox retains his right to confront witnesses against him under the Sixth Amendment and any government argument made to the contrary fails. "The Confrontation Clause, providing that the accused has right to confront and cross-examine witnesses against him, applies not only to in-court testimony, but also to out-of-court statements introduced at trial, regardless of admissibility of statements under law of evidence." *Crawford v. Washington,* 541 U.S. 36, 50–51 (2004). Federal Rule of Evidence Rule 402

**Item Two: Facebook posts**

The Facebook posts are irrelevant and therefore barred under Fed.R.Evid. 401. The Government intends to admit the following:

- Facebook posts that contain a picture of Mr. Knox with text, " NA fuck u, The police, the bitch that told on me!!!!!, The judge and the prosecutor, u pay me fuck u pay me fuck

- Facebook posts that contain a picture of Mr. Knox with unknown female

---

[1] *Cass* 127 F.3d. at 1223, 1224, citing, *See United States v. Evans,* 950 F.2d 187, 191 (5th Cir.1991) (evidence otherwise admissible as background "becomes inadmissible hearsay if it also points directly at the defendant and his guilt in the crime charged"); *United States v. Brown,* 767 F.2d 1078, 1084 (4th Cir.1985) (error to admit out-of-court statements as "background" where statements implicated defendant in charged crime and "effect of the evidence could only have been a substantial bolstering of the government's case by inadmissible hearsay").

3

- Facebook posts that contain: the name of Jemel Knox, with text " I gotta say I had a good day, Bc I didn't have to use my AR I gotta to say it been a blessed day thank u lol"
- Facebook photograph of Jemel Knox and three other unknown males
- Facebook photographs of Jemel Knox with his hand pointed at his head in the form of a gun.

The Facebook posts/photographs are irrelevant and should be excluded. Pursuant to Fed.R.Evid. 401 they do not have the tendency to make any fact more or less probable. The defendant anticipates that the Government will use the Facebook posts containing photographs of Mr. Knox to attempt to authenticate the testimonial Facebook postings of:

- Facebook posts that contain a picture of Mr. Knox with text, " NA fuck u, The police, the bitch that told on me!!!!!, The judge and the prosecutor, u pay me fuck u pay me fuck
- Facebook posts that contain: the name of Jemel Knox, with text " I gotta say I had a good day, Bc I didn't have to use my AR I gotta to say it been a blessed day thank u lol"

However, the postings cannot be properly authenticated by the Government. The Government must produce evidence sufficient to support a finding that the item is what they claim it to be. The government attempts to submit the Facebook postings as evidence that this is –Jemel Knox profile page-, and therefore the statements and photographs were posted and written by him.

The Government cannot present evidence of who created the profile page, only what was seen and what was said. The Second Circuit addressed this issue in *United States v. Vayner*, 769 F.3d 125 (2nd Cir. 2014). In Vayner, the Government introduced print outs from the "Russian equivalent of Facebook". *Id.* at 128  The evidence from the profile page contained in the contact information an email address of the defendant, a similar name, previous employers of the defendant and a photograph of the defendant. *Id.*  The Court found that the district court abused its discretion in admitting the

4

print out of the webpage, as it did so without proper authentication. *Id.* at 131.  The Government claimed that the web page was the defendant's profile page.  The court found that the Government presented no evidence that the defendant himself created the page or was responsible for its contents.  As an example of the district courts failure, the court of appeals submitted the following example, "[H]ad the government sought to introduce, for instance, a flyer found on the street that contained the (defendant's) Zhyltsou's Skype address and was purportedly written or authorized by him, the district court surely would have required some evidence that the flyer did, in fact, emanate from Zhyltsou."[2]

In this case the Government can only introduce evidence that an officer saw the Facebook posts and what they saw.  No evidence can be presented that Mr. Knox created the Facebook profile page or was responsible for its contents.

The Fifth Circuit in an unreported opinion addressed a similar issue.  In *United States v. Winters*, 530 Fed.Appx. 390 (5th Cir. 2013) (unpublished) the district court admitted Facebook and Myspace photographs.  To satisfy the rule of authentication, the Government relied on testimony by an Officer that he had found the photos on Winters website and Winters concession that the websites were his. *Id.* at 394. The photos depicted money, drugs packaged for sale and firearms. *Id.*  The photos were being introduced to suggest that Winters had possession and control of the illegal items in the pictures, using them to prove that he was part of a drug conspiracy.  *Id.* The Fifth Circuit found that the photographs could not be tied to Winters and therefore there was little probative value. *Id.* Even in this case where a concession was made by the defendant that the web page belonged to him, the court found that a photographs appearance on a personal webpage does not by itself establish that the owner

---

[2]*United States v. Vayner*, 769 F.3d 125, 132 (2nd Cir. 2014) ("[A] mere assertion of identity by a person talking on the telephone is not in itself sufficient to authenticate that person's identity....").

of the page possessed or controlled the items pictured. *Id.* at 395.  In this case the Government seeks to admit specifically the Facebook posts that contain: the name of Jemel Knox, with text "I gotta say I had a good day, Bc I didn't have to use my AR I gotta to say it been a blessed day thank u lol" in order to prove that he possessed the assault rifle in this case.  The Government cannot show that Mr. Knox had any control or was the owner of the Facebook page or posts.  Therefore, the Government cannot authenticate or lay the proper foundation for admission of these photographs

Defendant objects to the admission of the Facebook posts below as hearsay:

- Facebook posts that contain a picture of Mr. Knox with text, " NA fuck u, The police, the bitch that told on me!!!!!, The judge and the prosecutor, u pay me fuck u pay me fuck
- Facebook posts that contain: the name of Jemel Knox, with text " I gotta say I had a good day, Bc I didn't have to use my AR I gotta to say it been a blessed day thank u lol"

Pursuant to Fed.R.Evid. 801 those posts contains statements, written assertions made by a declarant not testifying to prove the truth of the matter asserted.  As those statements were not made by Mr. Knox they are subject to any exception under Fed.R.Evid. 803.

The only fact that this evidence makes more probable is that it leads the factfinder to find guilt on an improper basis.  The posts do not make any fact of consequence in this case more or less probable.  The Government cannot authenticate or prove that the statements were made by Mr. Knox and therefore they lack any relevance or probative value.  Even if relevant, pursuant to Fed.R. Evid. 403 any probative value of the Facebook posts is substantially outweighed by the prejudicial effect.  The defendant request that the Court pursuant to Fed.R.Evid. 401 (c) conduct a hearing on this question outside the hearing of the jury to determine admissibility prior to Trial.

**Item Three: Mr. Knox being sought for outstanding warrants specifically for Failure to Appear for a court date in Johnson County District Court Case No. 13CR02619, Felony Fleeing a Law Enforcement Officer, Aggravated Escape from Custody Case No. (unknown), and a questioning advisory for Robbery, drugs, weapons charges and witness intimidation in Missouri.**

Counsel anticipates the Government will attempt to solicit testimony from government's witnesses that Mr. Knox was being sought on warrants for the offenses of Aggravated Escape from Custody and failing to appear for court on a charge of felony Fleeing and Eluding a Law enforcement Officer and a questioning advisory. The reason Mr. Knox was being sought by law enforcement is irrelevant to the Government's burden of proof in this case and therefore barred under Fed.R.Evid. 401. Mr. Knox is not on Trial for those pending cases. The only fact that this evidence makes more probable is that it leads the factfinder to find guilt on an improper basis. It does not tend to make any fact at issue more probable. Even if relevant, pursuant to Fed.R.Evid. 403 any probative value is substantially outweighed by the prejudicial effect. The government may argue that the information is needed to explain subsequent police conduct or as res gestae. The information that Mr. Knox was simply being sought on an outstanding warrant provides the jury with enough information to cure any res gestae problem. Revelation of the specific information on the underlying the warrant amounts to propensity evidence in order to paint Mr. Knox as simply a "bad guy". This information is prohibited by Fed.R.Evid. 404(b)(1) and not subject to any exception.

**Item Four: recorded Jail Calls**

The Government will seek to admit recorded phone calls allegedly made by Mr. Knox in their case in chief. The Government provided defense counsel with 50 recorded jail calls varying in length. After review of those calls all the information contained in those recorded calls are irrelevant. No

admission to the charge in this case is made nor is there any statement made against Mr. Knox interests. However, included in those calls are references to the warrants out for the pending cases. These facts are irrelevant to the pending charges in this case and are highly prejudicial. The jail calls should be excluded as they do not contain any relevant information. The recorded calls do not contain any information or material that has any tendency to make a fact at issue more or less probable. The only fact of consequence that it makes more probable is that Mr. Knox was aware that he was wanted by law enforcement on other matters unrelated to this case. This is not a fact necessary for the jury to determine the action, whether Mr. Knox was a felon in possession of a firearm. Even if relevant it's very little probative value is substantially outweighed by the danger of unfair prejudice. At this point defendant is unclear which calls if not all the Government intends to admit and play for the jury. Allowing the Government to submit all 50 calls, varying in length will confuse the issues, mislead the jury, and create an undue delay and waste of time.

In addition, the jail calls contain hearsay by multiple individuals and hearsay within hearsay. Allowing admission of the calls violates Mr. Knox's Sixth Amendment right to confrontation, Fed.R.Evid. 802 and would be in violation of *Crawford v. Washington*, 541 U.S. 36 (2004). If allowed, defendant request the Court require the Government to submit those calls or portions of those calls intended to be used to defense counsel and the court prior to trial. Defendant also request that the Court then pursuant to Fed.R.Evid. 401 (c) conduct a hearing on this question outside the hearing of the jury to determine admissibility prior to Trial.

**Item Number 5: Testimony that Mr. Knox was a "fugitive" or "violent fugitive"**

The evidence is irrelevant and therefore barred under Fed.R.Evid. 401. The only fact that this evidence makes more probable is that it leads the factfinder to find guilt on an improper basis. The identification that Mr. Knox was a fugitive or "violent fugitive" is highly prejudicial and improper. It

suggests a connotation that he was evading law enforcement and an improper bad act. It does not tend to make any fact at issue more probable. Even if relevant, pursuant to Fed.R.Evid. 403 the probative value is substantially outweighed by the prejudicial effect.[3]

WHEREFORE, Mr. Knox respectfully objects to the government's evidence contained above and requests this Court grant the Motion in Limine and exclude the evidence.

Respectfully submitted,

s/ Chekasha Ramsey         #78476
Chekasha Ramsey
Assistant Federal Public Defender
For the District of Kansas
500 State Avenue, Suite 201
Kansas City, Kansas 66101
Telephone (913) 551-6911
Fax: (913) 551-6562
E-mail: Che_Ramsey@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Ms. Terra Morehead
Assistant United States Attorney
Terra.Morehead@usdoj.gov

s/ Chekasha Ramsey
CHEKASHA RAMSEY

---

[3] See *United States v. Wright*, 506 F.3d 1293, 1301 (10th Cir. 20027), (Agreeing that District Court's determination that reference to defendant's fugitive status was improper and government conceded that the remark was improper.)