```
 1                  UNITED STATES DISTRICT COURT
                         DISTRICT OF KANSAS
 2

 3  UNITED STATES OF AMERICA,

 4    Plaintiff,                       Docket Nos. 14-20022
                                                   15-20103
 5    v.

 6  JEMEL KNOX,
                                        Kansas City, Kansas
 7    Defendant.                        Date:  10/27/2016

 8
    ..........................
 9
                 TRANSCRIPT OF SENTENCING HEARING
10         BEFORE THE HONORABLE JULIE A. ROBINSON
           CHIEF UNITED STATES DISTRICT COURT JUDGE
11
    APPEARANCES:
12
    For the              Terra D. Morehead
13  Plaintiff:           United States Attorney's Office
                         500 State Avenue
14                       Suite 360
                         Kansas City, KS 66101
15

16  For the              Chekasha F. Ramsey
    Defendant:           Office of Federal Public Defender
17                       500 State Avenue
                         Suite 201
18                       Kansas City, KS 66101

19

20

21

22
   _____
23       Kimberly R. Greiner, RMR, CRR, CRC, RDR
              Federal Official Court Reporter
24                  500 State Avenue
              Kansas City, Kansas  66101
25
```

1                    (Court called to order.)
2                    THE COURT:  We're here in the *United States*
3    *versus Jemel Knox,* Case No. 14-20022 and 15-20103.  Your
4    appearances, please.
5                    MS. MOREHEAD:  May it please the Court,
6    Terra Morehead, Assistant United States Attorney,
7    appearing on behalf of the government.
8                    MS. RAMSEY:  Che Ramsey on behalf of Jemel
9    Knox who appears in person with counsel.
10                   THE COURT:  All right.  We're here for
11   sentencing of Mr. Knox in Case No. 15-20103.  There is
12   an objection to the presentence report, but my
13   understanding is it is going to be -- it is being
14   withdrawn pursuant to the parties' post-conviction
15   agreement; is that correct?
16                   MS. RAMSEY:  Yes, Your Honor.  I think you
17   announced the '15 case.  The sentencing is in the '14
18   case.
19                   THE COURT:  That's right.
20                   MS. RAMSEY:  The post-conviction agreement
21   does address that objection.  And accordingly I have not
22   done this before, but Miss Morehead told me she had.  If
23   the court accepts the agreement, we would withdraw that
24   objection.
25                   THE COURT:  You're right it is the earlier

1   case we're here to sentence on.  The post-conviction
2   agreement I think contemplates a dismissal of the
3   charges in the later case, 15-20103.  So I am familiar
4   with this case and familiar with both cases now, and
5   I've reviewed the post-conviction agreement.
6            I would like to swear Mr. Knox in, however, and
7   ask him some questions about the post-conviction
8   agreement.  If you'll stand and raise your right hand,
9   Mr. Knox.
10                 (Defendant sworn.)
11               THE COURT:  All right.  You can be seated.
12  Mr. Knox, this post-conviction agreement provides that
13  in -- in the earlier case, the case that you're going to
14  be sentenced on this morning, you agree to withdraw your
15  objection to the presentence report, and that objection
16  had to do with denying you acceptance of responsibility,
17  that you agree to do that and that you agree that you
18  and the government will recommend to the court a binding
19  sentencing recommendation, meaning I will follow that
20  sentencing recommendation and give you this sentence if
21  I accept the post-conviction agreement.  And what you
22  and government have agreed to is a sentence of 60 months
23  imprisonment, three years of supervised release, a $100
24  special assessment; is that correct?
25               THE DEFENDANT:  Yes, ma'am.

1                THE COURT:  All right.  Now, did you go over
2    this post-conviction agreement with your lawyer,
3    Miss Ramsey?
4                THE DEFENDANT:  Yes, ma'am.
5                THE COURT:  And do you feel like you
6    understand the terms of this post-conviction agreement
7    and the effect it will have if I accept it?
8                THE DEFENDANT:  Yes, ma'am.
9                THE COURT:  And was it your decision to
10   enter into this agreement or your lawyer's?
11               THE DEFENDANT:  Mine.
12               THE COURT:  All right.  Did anyone pressure,
13   threaten, or coerce you to enter into this agreement?
14               THE DEFENDANT:  No, ma'am.
15               THE COURT:  Would you say that this is an
16   agreement that you made voluntarily and of your own free
17   will?
18               THE DEFENDANT:  Yes, ma'am.
19               THE COURT:  All right.  In that case, I find
20   that Mr. Knox has knowingly and intentionally and
21   informatively and freely and voluntarily entered into
22   the post-conviction agreement with the government and I
23   therefore will accept this agreement and agree to be
24   bound by its terms.
25          So with that, I note that the objection to the

1  presentence report is withdrawn.
2          Sharon, this is the original I think needs to be
3  filed.
4          And so I will start by announcing the following
5  proposed findings of fact and tentative sentence and
6  then hear further from the parties.
7          The total offense level in this case is 20,
8  criminal history category five.  The statute sets a
9  maximum term of 10 years of prison.  The sentencing
10 guideline range is 63 to 78 months.  The court's
11 tentative sentence is 60 months followed by three years
12 of supervised release.  Both the statute and guidelines
13 allow for a range of anywhere from one to three years of
14 supervised release.
15         Under the guidelines, Mr. Knox is not eligible
16 for probation.  The statute allows for one to five years
17 of probation.  Given the custodial sentence, there will
18 not be a term of probation.
19         The court will not impose a fine.  The maximum
20 fine under the statute is $250,000 and the guideline
21 range is 7,500 to $75,000.  Restitution is not
22 applicable.  Per statute and guidelines, the sentence
23 must include a $100 special assessment.
24         The provision for denial of federal benefits is
25 not applicable.

1          The court is required pursuant to 18 U.S.C.
2    Section 3553(a) to impose a sentence that is sufficient
3    but not greater than necessary to comply with the
4    purposes of sentencing identified in the statute.  In
5    determining the particular sentence to be imposed, the
6    court has considered the United States Sentencing
7    Guidelines which promote uniformity in sentencing and
8    assist the court in determining an appropriate sentence
9    by weighing the basic nature of the offense as well as
10   aggravating and mitigating factors.
11         The court has considered the statements of the
12   parties and the presentence investigation report.
13         After reviewing the presentence report, the court
14   finds that the Sentencing Guidelines range of 63 to
15   78 months is correctly calculated based on a total
16   offense level of 20 and criminal history of five.  This
17   offense involves a defendant who, having been previously
18   convicted of a felony offense on three separate
19   occasions, being unlawfully in possession of a firearm.
20   The court recognizes this is the defendant's second
21   federal offense involving the unlawful possession of a
22   firearm.
23         After considering all of these factors and the
24   Advisory Sentencing Guidelines as well as the nature and
25   circumstances of the offense and the defendant's history

1   and characteristics, the court has decided to sentence
2   him to a term of 60 months imprisonment followed by
3   three years of supervised release.
4           The court believes that such a sentence is
5   sufficient but not greater than necessary to reflect the
6   seriousness of the offense, to promote respect for the
7   law, to provide just punishment for the offense, to
8   afford adequate deterrence to criminal conduct, and to
9   protect the public from further crimes of the defendant,
10  all in accordance with the statute.
11          The term of supervised release, in addition to
12  the imprisonment sentence, will allow the defendant the
13  opportunity to receive correctional treatment in an
14  effective manner and assist with community reintegration
15  in accordance with the statute.
16          Mr. Knox is ordered to pay a special assessment
17  of $100 to the Crime Victims Fund.  Imposition of a fine
18  is waived due to his inability to pay.  The court also
19  intends to order forfeiture of the property outlined in
20  the preliminary order of forfeiture that was filed by
21  the court on February 23, 2015.
22          The court intends to impose the mandatory and
23  special conditions of supervision set forth in Part D of
24  the presentence report.  Mr. Knox is prohibited by
25  federal law from possessing or purchasing a firearm or

1  ammunition, as he is a convicted felon.  The prohibition
2  against possessing or purchasing a destructive device or
3  other dangerous weapon is also warranted based upon the
4  defendant's criminal history and it's consistent with
5  considerations for public and officer safety.
6           Based on the nature of the instant offense and
7  the defendant's criminal history, a special condition
8  allowing for searches of his person and property is also
9  deemed warranted.
10          Mr. Knox's personal history as outlined in the
11 presentence report warrant the conditions requiring him
12 to participate in mental health treatment, substance
13 abuse treatment, and abstaining from the use of alcohol.
14 In addition, participation in a cognitive behavioral
15 program, which may include Moral Reconation Therapy, is
16 an appropriate condition of supervision as well.
17          In addition, because of Mr. Knox's monthly child
18 support obligation, a condition requiring that he make
19 regular monthly child support payments as established by
20 state authorities is also appropriate.
21          Mr. Knox has been detained since July 29, 2014.
22 He is not deemed an appropriate candidate for voluntary
23 surrender.
24          Are there objections by the government to the
25 sentence tentatively announced?

1                MS. MOREHEAD:  No, Your Honor.
2                THE COURT:  Or by the defendant?
3                MS. RAMSEY:  No, Your Honor.  We would like
4    to make just a brief record before the -- before final
5    pronouncement, so whenever the court's ready for that.
6                THE COURT:  Proceed.
7                MS. RAMSEY:  Thank you.  Your Honor, this
8    particular case, initially he pled guilty in this case
9    to Document 52, which was a petition to enter
10   conditional plea under Rule 11(a)(2) of the Federal
11   Rules of Criminal Procedure which preserved his right to
12   appeal the denial of the motion to suppress by the
13   court.
14         We just want to make sure that it's -- it's the
15   understanding of the parties that the post-conviction
16   agreement did not replace that.  It is a supplement.  It
17   did not supercede that agreement.  It is a supplement to
18   that earlier conditional plea and that conditional
19   portion of the plea still preserves his right to appeal
20   the motion to suppress.
21               MS. MOREHEAD:  That -- that's correct, Your
22   Honor.
23               THE COURT:  All right.  All right.  Before I
24   impose final sentence, is there any allocution,
25   Miss Ramsey?

1        Mr. Knox, if you would like to address the court
2   directly in your own behalf, you can do so if you choose
3   to.
4              THE DEFENDANT:  No, ma'am.
5              MS. RAMSEY:  No, Your Honor.
6              THE COURT:  Thank you.  Any request for
7   recommendations?
8              MS. RAMSEY:  Yes, Your Honor.  Your Honor,
9   Mr. Knox would request that the court recommend that he
10  be sent either to the FCI facilities in Greenville,
11  Illinois or Pekin, I believe is spelled P-E-K-I-N.
12  There are -- I believe he said there's some
13  weightlifting programs, maybe some welding programs he'd
14  like to participate in in those either two facilities.
15  So we would ask for recommendation to those facilities.
16             THE COURT:  All right.  The court determines
17  that the presentence investigation report as corrected
18  or modified by the court and the previously stated
19  findings are accurate and orders those findings
20  incorporated in the following sentence.
21       Pursuant to the Sentencing Reform Act of 1984, it
22  is the judgment of the court that the defendant, Jemel
23  T. Knox, is hereby sentenced to the custody of the
24  Bureau of Prisons for a term of 60 months on Count 1.
25  The court will recommend to the Bureau of Prisons

1  designation to either FCI Greenville or FCI Pekin, both
2  of which are in Illinois.  This term of imprisonment
3  shall be followed by three years of supervised release.
4         Within 72 hours of release from the custody of
5  the Bureau of Prisons, Mr. Knox shall report to the U.S.
6  Probation Office in the district in which he is
7  released.  While on supervised release, he shall not
8  commit another federal, state, or local crime; shall
9  comply with the standard conditions that have been
10 adopted by this court; and the special and mandatory
11 conditions of supervision set forth in Part D of the
12 presentence report.
13        It is ordered Mr. Knox shall pay the United
14 States a special assessment of $100 to the Crime Victims
15 Fund pursuant to 18 U.S.C. Section 3013.  Payment of the
16 assessment is due immediately and may be satisfied while
17 in the Bureau of Prisons's custody.  Imposition of a
18 fine is waived.
19        The preliminary order of forfeiture is made final
20 as to Mr. Knox and shall be incorporated in the
21 judgment.
22        Both the government and defendant are advised of
23 their respective rights to appeal this sentence and
24 conviction.  An appeal taken from this sentence is
25 subject to 18 U.S.C., Section 3742.

1     Mr. Knox is advised that it is your right to
2  appeal the conviction and sentence but only to the
3  extent -- you waived that right in the plea agreement.
4  Your plea agreement does preserve your right to appeal
5  from my order denying the -- your motion to suppress.
6  You will have a right to appeal that.  You can lose your
7  right to appeal, however, if you do not timely file a
8  notice of appeal in the district court.  And Rule 4(b)
9  of the Federal Rules of Appellate Procedure gives you
10 14 days after the entry of judgment to file a notice of
11 appeal.  If you request, the clerk of the court shall
12 immediately prepare and file a notice of appeal on your
13 behalf.  And if you are unable to pay the cost of an
14 appeal, you have the right to apply for leave to appeal
15 *in forma pauperis*.
16     All right.  So, Miss Morehead, I show any
17 remaining counts in charging documents Case No. 14-20022
18 should be dismissed and then Case No. 15-20103 should
19 also be dismissed at this time.
20          MS. MOREHEAD:  Yes, Your Honor.
21          THE COURT:  All right.  Motion's granted.
22 I'll remand Mr. Knox to the custody of the U.S.
23 Marshal Service pending designation by the federal
24 Bureau of Prisons, and we'll be in recess.
25          (Proceedings adjourned.)

```
 1                         CERTIFICATE

 2        I certify that the foregoing is a correct

 3   transcript from the record of proceedings in the

 4   above-entitled matter.

 5      DATE:   September 14, 2017

 6
                      /s/Kimberly R. Greiner
 7                    KIMBERLY R. GREINER, RMR, CRR, CRC, RDR
                      United States Court Reporter
 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```