## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

---

**UNITED STATES OF AMERICA**,
          Plaintiff,

          v.                                         Case No. 14-20022-JAR-1

**JEMEL T. KNOX**,
          Defendant.

---

## UNOPPOSED MOTION TO TERMINATE
## DEFENDANT'S TERM OF SUPERVISED RELEASE

---

Pursuant to 18 U.S.C. § 3583(e)(1), Jemel T. Knox respectfully moves the Court for an order terminating his term of supervised release. Mr. Knox has successfully completed 19 months of a 36-month term of supervised release. His reintegration into society is complete and further supervision is unnecessary. The United States Probation Office (USPO), via Probation Officer Jovanny Hernandez, states that the Probation Office supports Mr. Knox's request for early termination from supervision. Additionally, the Government, via Assistant United States Attorney Ryan Huschka, has no objection to this request.

In support of this request, Counsel states the following:

1.  On October 27, 2016, this Court sentenced Mr. Knox to 60 months in prison after being convicted of one count of felon in possession of a firearm. The Court also sentenced him to 3 years of supervised release.

1

2.   As verified by U.S. Probation Officer Jovanny Hernandez, Mr. Knox is in good standing with the Probation Office and has done well on supervision. He has not tested positive for any controlled substance or committed any crimes.  Mr. Knox has maintained a stable residence and steady employment.

3.   While under supervision, Mr. Knox has incurred no violations. He has met all obligations of his supervised release except the completion of Moral Reconation Therapy (MRT) or some equivalent cognitive behavioral programming. For the last year, Mr. Knox has been trying to enroll in the MRT program to meet this condition. Through no fault of his own, however, Mr. Knox was placed on a waitlist for MRT. Then, the service provider in Wyandotte County relocated and there was lapse in available services for several months while that provider found a new location. It was difficult for the USPO to find an alternate provider that would not detrimentally interfere with Mr. Knox's employment or put him in contact with past criminal associates.  Ultimately, USPO decided that it would make a request to withdraw the condition given Mr. Knox's progress and compliance on supervision.

4.   The Court has broad authority to terminate supervision where "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The only statutory requirement for termination of supervision is that the defendant has been supervised for at least one year. *Id*.

5.   Given the fact that Mr. Knox has been on supervision for 19 months and has maintained full-time employment, a stable residence, abided by all conditions of

supervision, and completed all other special conditions within his control, there appears to be nothing left to accomplish with supervised release in this case.

WHEREFORE, it is requested that this Court order Jemel T. Knox's supervised release be terminated early pursuant to 18 U.S.C. § 3583(e)(1).

Respectfully submitted,

s/Laquisha Ross
Laquisha Ross, #26834
Assistant Federal Public Defender
District of Kansas
500 State Ave, Suite 201
Kansas City, Kansas 66101-2400
Phone: 913-551-6712
Fax: 913-551-6562
E-mail Address: laquisha_ross@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following:

Ryan Huschka
Assistant United States Attorney
Ryan.Huschka@@usdoj.gov

s/Laquisha Ross
Laquisha Ross, #26834